IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMION SMITH,
Plaintiff,

v.   Case No.: 2:26-cv-583-KCD-DNF

SPT WAH WESTWOOD, LLC
d/b/a WESTWOOD APARTMENTS,
Foreign Limited Liability Company,

HIGHMARK RESIDENTIAL, LLC
cross reference MILESTONE MANAGEMENT, LLC
d/b/a HIGHMARK RESIDENTIAL,
Foreign Limited Liability Company,

Defendants.
_____/

## COMPLAINT & DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

PLAINTIFF, DAMION SMITH (hereinafter "PLAINTIFF" or "Mr. SMITH"), sues SPT WAH WESTWOOD, LLC d/b/a WESTWOOD APARTMENTS ("WESTWOOD APARTMENTS") and HIGHMARK RESIDENTIAL, LLC cross reference MILESTONE MANAGEMENT, LLC d/b/a HIGHMARK RESIDENTIAL ("HIGHMARK RESIDENTIAL"), and alleges:

### JURISDICTION AND VENUE

1   This action arises under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and related federal civil rights protections.

2	This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3	This Court has supplemental jurisdiction over Plaintiff's related Florida law claims pursuant to 28 U.S.C. § 1367.

4	Venue is proper in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Lee County, Florida.

## PARTIES

5	Plaintiff is an African American male of Jamaican descent and was a tenant at Westwood Apartments, Unit 05-5302, Fort Myers, Florida from October 20, 2020 through November 22, 2023.

6	Defendant SPT WAH WESTWOOD, LLC owns and operates Westwood Apartments.

7	Defendant HIGHMARK RESIDENTIAL, LLC manages Westwood Apartments.

8	At all relevant times, employees and agents of Defendants acted within the course and scope of their employment.

# FACTUAL ALLEGATIONS

## A. Lease and Habitability Issues

9   On October 20, 2020, Plaintiff entered into a written residential lease with Defendants.

10   Immediately upon move-in, Plaintiff discovered significant defects including:

Pest infestation

Plumbing leaks

Structural floor instability

Appliance malfunction

Mold-like discoloration beneath the kitchen sink

HVAC issues

11   Plaintiff promptly notified management and submitted repeated written maintenance requests throughout his tenancy.

12   Many issues persisted for years with minimal or ineffective repair.

## B. Financial Hardship and Rental Assistance

13   In August 2023, Plaintiff experienced temporary financial hardship.

14   Plaintiff informed Defendants he applied for rental assistance through United Way of Lee County.

15   Plaintiff's rental assistance application was approved in September 2023.

16   United Way representatives attempted to tender payment to Defendants.

17   Defendants refused to accept rental assistance funds.

18   Plaintiff also attempted to tender payment directly; Defendants rejected partial payment.

## C. Protected Activity

19   On October 10, 2023, Plaintiff filed a formal complaint with the City of Fort Myers Code Enforcement regarding unsafe and uninhabitable conditions.

20   On October 11, 2023, Code Enforcement inspected Unit 05-5302 and cited multiple violations.

21    Plaintiff also filed a HUD discrimination complaint.

**D. Adverse Action**

22    On October 17, 2023—six days after the code inspection—Defendants filed an eviction action against Plaintiff.

23    Plaintiff was ultimately evicted in November 2023.

24    Plaintiff and his family were displaced and forced to relocate.

## COUNT I

### Retaliatory Eviction (Fla. Stat. § 83.64)

25    Plaintiff realleges paragraphs 1-24.

26    Plaintiff engaged in protected activity by:

Reporting code violations to a governmental agency.

Filing complaints regarding habitability issues.

27    Defendants initiated eviction proceedings within days of the code inspection.

28    The close temporal proximity establishes a causal connection.

29  Defendants' refusal to accept rental assistance and subsequent eviction constituted retaliation prohibited under Fla. Stat. § 83.64.

30  As a result, Plaintiff suffered damages including loss of housing, emotional distress, and financial harm.

WHEREFORE, Plaintiff seeks compensatory damages, costs, and all available statutory remedies.

## COUNT II

### Failure to Maintain Premises (Fla. Stat. § 83.51)

31  Plaintiff realleges paragraphs 1–30.

32  Defendants had a statutory duty to maintain the premises in compliance with building, housing, and health codes.

33  Defendants failed to adequately repair plumbing, structural flooring, HVAC systems, and other essential components.

34  Code Enforcement confirmed violations in October 2023.

35  Defendants' failure to maintain rendered the unit unsafe and uninhabitable.

36    Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff seeks compensatory damages and statutory remedies.

## COUNT III

### Breach of Lease

37    Plaintiff realleges paragraphs 1–36.

38    The written lease required Defendants to maintain the premises in habitable condition.

39    Plaintiff performed his obligations under the lease until Defendants refused tendered rental assistance.

40    Defendants materially breached the lease by:

Failing to maintain safe premises.

Refusing lawful rental payments.

Initiating eviction in retaliation.

41    Plaintiff suffered damages including relocation expenses and loss of housing stability.

WHEREFORE, Plaintiff seeks compensatory damages, interest, and costs.

## COUNT IV

### Fair Housing Act Retaliation (42 U.S.C. § 3617)

42   Plaintiff realleges paragraphs 1–41.

43   Plaintiff exercised rights protected under the Fair Housing Act by:

Complaining of unsafe housing conditions.

Filing a HUD complaint.

Contacting Code Enforcement.

44   Defendants interfered with, coerced, and retaliated against Plaintiff for exercising those rights.

45   The eviction filing shortly after the code inspection constitutes unlawful retaliation under 42 U.S.C. § 3617.

46   As a direct result, Plaintiff suffered housing loss and damages.

WHEREFORE, Plaintiff seeks: Compensatory damages, Punitive damages, Injunctive relief

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor;

B. Award compensatory damages;

C. Award punitive damages under federal law;

D. Award costs where permitted;

E. Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

### Pursuant Florida Rules of Civil Procedure 1.430

Plaintiff demands trial by jury on all issues so triable.

Dated on this 27th day of February 2026

Damion Smith

5835 NW Lomb Ct

Port Saint Lucie, FL 34986

Phone: 239-219-3115

Email: damionsmith911@yahoo.com