UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMION SMITH,

Plaintiff,

v.

Case No. 2:26-cv-583-KCD-KRH

SPT WAH WESTWOOD, LLC, FOREIGN LIMITED LIABILITY COMPANY; AND HIGHMARK RESIDENTIAL, LLC, CROSS REFERENCE MILESTONE MANAGEMENT, LLC, FOREIGN LIMITED LIABILITY COMPANY,

Defendants.
_________________________________/

# **ORDER**

Before the Court is Plaintiff Damion Smith's Amended Complaint. (Doc. 5.) Smith is proceeding pro se, so we must construe his pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17, 2019).[1] "Nevertheless, a pro se complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted." *Bey v. Natures Point Homeowners Ass'n*, 1:17-cv-5054-WSD, *4 (N.D. Ga. April 10, 2018). The duty

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

of liberal construction does not require the court to act as an attorney for the pro se party or obligate the court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Because he is also proceeding in forma pauperis (Doc. 4), Smith avoids the typical costs associated with litigating in federal court. *Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984). But to ensure he does not abuse this privilege, the court must screen and dismiss his complaint if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *Id. See* 28 U.S.C. § 1915(e)(2)(B). Permission to proceed in forma pauperis is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

Smith's only federal claim, brought for Fair Housing Act retaliation, 42 U.S.C. § 3617, is time-barred. (Doc. 5 at 6); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006) (a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte"). To dismiss a complaint "as time-barred prior to service, it must appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts

which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

The statute of limitations for an FHA claim is two years. *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action ... not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice"). The FHA's statute of limitations begins to run as soon as "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 369 F. App'x 1, 3 (11th Cir. 2010). "A claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the ... limitation period." *Roberts v. Gadsden Mem'l Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988).

The only specific injury alleged in the operative complaint is Smith's reports of defects in his housing unit and code enforcement violations to the city, which ultimately led to his eviction in November 2023. (Doc. 5 at 2-3.) And yet, Smith failed to file a claim under the FHA within the two-year statute of limitations after his eviction. Therefore, his claim of retaliation is barred by the FHA's two-year statute of limitations. *See Lyons v. Gene B. Glick Co., Inc.*, 844 F. App'x 866, 869 (7th Cir. 2021).

The FHA claim is subject to dismissal because it does not state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While federal courts typically grant pro se litigants leeway to amend, they need not do so when it would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). This is one of those cases. The fatal flaw in Smith's federal claim is not some technical drafting error or a curable lack of factual detail. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Thus, the dismissal of this claim is without leave to amend. *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("[A] district court need not allow even a pro se plaintiff leave to amend where amendment would be futile.").

With the federal claim gone, only Smith's state claims remain, so that raises the issue of the Court's jurisdiction to continue with the case. The issue of supplemental jurisdiction can be raised sua sponte. *See Oakes v. Collier Cnty.*, 515 F. Supp. 3d 1202, 1217 (M.D. Fla. 2021).

District courts may exercise supplemental jurisdiction over state-law claims when they "arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022); *see also* 28 U.S.C. § 1367(a). But after the federal claim is gone, the "court ha[s] the discretion either to continue to exercise

supplemental jurisdiction" or not. *Silas*, 55 F.4th at 865. District courts are generally "encouraged . . . to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *see also Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

The Court declines to exercise supplemental jurisdiction over Smith's remaining eviction and breach of lease claims. "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) ("Federal courts are (and should be) loath to wade into unchartered waters of state law, and should only do so when absolutely necessary to the disposition of a case."). Thus, the case will be dismissed and closed.

Accordingly, it is hereby **ORDERED**:

The Fair Housing Act claim (Count IV) is **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2), and the remaining state law claims are dismissed without prejudice. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 4, 2026.

Kyle C. Dudek
United States District Judge